UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/26/2023
```

------------------------------------------------------------------------X
             :

CARLOS J. GUZMAN,             :
             :
          Plaintiff,        :
             :           22-cv-01916 (LJL)
        -v-           :
             :           ORDER
BUILDING SERVICE 32BJ PENSION FUND et al., :
             :
          Defendants.    :
             :
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    *Pro se* Plaintiff Carlos Guzman ("Plaintiff" or "Guzman") brings claims against Building

Service 32BJ Pension Fund, Peter Goldberger, Ronald Raab, Kyle Bragg, and Howard

Rothschild (collectively, "Defendants") under the Employee Retirement Income Security Act of

1974 ("ERISA").  Dkt. No. 1.  On May 6, 2022, Defendants filed a motion to dismiss the

complaint.  Dkt. No. 16.  In support of their motion to dismiss, defendants attach various

documents, some of which appear to be incorporated in the complaint by reference and this

Court may consider at the motion to dismiss stage, *see DiFolco v. MSNBC Cable L.L.C.*, 622

F.3d 104, 111 (2d Cir. 2010), and others that are not so clearly incorporated by reference.  Dkt.

Nos. 17-1; 21-1.  In opposition to the motion to dismiss, Plaintiff also submitted various

documentary evidence.  Dkt. No. 22.

    When a district court is "presented with matters outside the pleadings, Rule 12(b)

afford[s] two options."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).  First,

it may exclude the extrinsic documents—to the extent that they are not incorporated by reference

or otherwise integral to the complaint.  *Id.*  Second, it may convert the motion to one for

summary judgment and give the parties an opportunity to "submit the additional supporting

material contemplated by Rule 56." *Id.* While ordinarily "formal notice is not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986)). When the plaintiff is *pro se*, "'[n]otice is particularly important' because the *pro se* litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues.'" *Id.* (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)). "Accordingly, *pro se* parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment." *Id.* at 307–08 (quoting *Menzies*, 715 F.2d at 767). "Federal courts have complete discretion to determine whether . . . to convert [a] motion [to dismiss] to one for summary judgment." *Stolarik v. New York Times Co.*, 323 F. Supp. 3d 523, 538 (S.D.N.Y. 2018). Generally, courts find that summary judgment affords the most appropriate vehicle for a Court to consider claims for benefits under ERISA. *Id.* at 539; *see Gannon v. Aetna Life Ins. Co.*, 2007 WL 2844869, at *6 (S.D.N.Y. Sept. 28, 2007) ("Summary judgment provides an appropriate vehicle whereby the Court can apply substantive ERISA law to the administrative record.").

In light of the above, this Court intends to convert Defendants' motion to dismiss to a motion for summary judgment and provides formal notice of the parties of its intent. The parties therefore may submit any additional supporting material contemplated by Federal Rule of Civil Procedure 56 and ERISA as well as to make any additional arguments regarding the documentary evidence already in the record. The parties' additional submissions are due to the Court by **February 24, 2023**. In determining what materials to submit, both parties are

reminded that "[c]laims for benefits under ERISA are adjudicated on the basis of the administrative record" unless the district court finds good cause to consider evidence outside of that record.[1] *Stolarik*, 323 F. Supp. 3d at 539; *DeFelice v. Am. Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 66 (2d Cir. 1997); *see Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 391 (D. Conn. 2020) ("When adjudicating claim disputes under an employee benefit plan, the court's review is ordinarily confined to the record that was originally before the claims administrator.").

In deciding what evidence to submit, Plaintiff, who appears *pro se*, is directed to the standards laid out in Federal Rule of Civil Procedure 56 (a copy of which the Court appends to this Order).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'" while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In determining whether there are any genuine issues of material fact, the Court must view all facts "in the light most favorable to the non-moving party," *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008), and the movant bears the burden of demonstrating that "no genuine issue of material fact exists," *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002)

---

[1] To the extent Plaintiff believes that discovery is necessary to support his claims, he must show a "reasonable chance that the requested discovery will satisfy the good cause requirement." *Durham v. Prudential Ins. Co. of Am.*, 890 F. Supp. 2d 390, 397 (S.D.N.Y. 2012).

(citations omitted).

If the movant meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).  "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  To defeat a motion for summary judgment, the non-moving party must demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted).  "Mere conjecture or surmise by the nonmovant in support of his or her case is inadequate." *Am. Home Assurance Co. v. Jamaica*, 418 F. Supp. 2d 537, 546 (S.D.N.Y. 2006).

SO ORDERED.

Dated: January 26, 2023
New York, New York

_____
LEWIS J. LIMAN
United States District Judge